**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **JAMES HENRY PROVISIONS, INC.,** </br> and **COUSIN MINI MARKET, LLC,** </br> </br> Plaintiffs, </br> v. </br> </br> **UNITED STATES OF AMERICA,** </br> **THROUGH ITS AGENCY, THE** </br> **UNITED STATES DEPARTMENT** </br> **OF AGRICULTURE** </br> </br> Defendant. </br> </br> <u>Serve:</u> </br> **U.S. Department of Agriculture** </br> **1400 Independence Avenue, S.W.** </br> **Washington, D.C. 20250** | Cause No. |

**COMPLAINT**

COME NOW Plaintiffs, James Henry Provisions, Inc. ("James Henry") and Cousin Mini Market, LLC ("Cousin") and for their Complaint for judicial review of the decisions by the United States of America, acting through its agency, the United States Department of Agriculture ("USDA"), to permanently disqualify James Henry and Cousin from participation in the Supplemental Nutrition Assistance Program, states as follows:

**PARTIES**

1. James Henry is a Missouri corporation that operates a grocery store located at 434 N. 4th Street, Saint Louis, Missouri 63102.

2. Cousin is a Missouri limited liability company that operates a convenience store at 929 Airport Road, Saint Louis, Missouri 63135.

3.     Defendant USDA operates the Supplemental Nutrition Assistance Program ("SNAP") through its Food and Nutrition Service ("FNS").

## VENUE/JURISDICTION

4.     This matter involves the judicial review of the decision of USDA, through its FNS, to permanently disqualify James Henry and Cousin from the SNAP. This Court has jurisdiction pursuant to 7 U.S.C. § 2023(13) and 7 CFR §279.7.

5.     Venue is proper in this district pursuant 7 U.S.C. § 2023(13) and 7 CFR §279.7 in that James Henry and Cousin operate their stores within the Eastern District of Missouri.

## PROCEDURAL HISTORY

6.     On June 23, 2021, Defendant USDA issued a Final Agency Decision to James Henry upholding the USDA's decision to permanently disqualify James Henry from participation in the SNAP (the "James Henry Decision"). The purported basis for the James Henry Decision was that James Henry engaged in "trafficking" of SNAP benefits in violation of 7 C.F.R §272.2.

7.     On July 7, 2021, Defendant USDA issued a Final Agency Decision to Cousin upholding the USDA's decision to permanently disqualify Cousin from participation in the SNAP (the "Cousin Decision"). The purported basis for the Cousin Decision was that Cousin engaged in "trafficking" of SNAP benefits in violation of 7 C.F.R §272.2.

8. This Complaint is timely filed in that pursuant to 7 CFR § 279.7(a), the complaint must be filed "within 30 days after the date of delivery or service" of the Agency Decision.

9. Per 7 USC § 2023(15) and 7 CFR § 279.7(c), the suit in the U.S. District Court shall be a "trial de novo" by the court in which "the court shall determine the validity of the questioned administrative action."

## COUNT I – JUDICIAL REVIEW OF FINAL AGENCY DECISION

10. Plaintiffs incorporate herein by reference the allegations set forth in paragraphs 1-9 above.

11. Each of the Decisions were based upon the same undercover operation by the USDA, utilizing the same undercover operant. In each case, the undercover operant used improper methods to entrap James Henry and Cousin into violating the provision of the SNAP regulations.

12. In addition, the Decisions failed to separate the illegal conduct of persons who were not acting on behalf of the businesses from the business themselves in finding violations of the SNAP regulations.

13. Moreover, the actions of the USDA were and are illegal under 42 U.S.C. § 2000d, which prohibits discrimination in federally funded programs. The undercover operation employed by the USDA targeted persons based upon their race, religion and/or national origin.

14. The Decisions should be reversed because:

    a. James Henry and Cousin did traffic in SNAP benefits;

   b.  The USDA denied James Henry and Cousin due process by failing to produce all of the evidence upon which it relied for the Decisions;

   c.  The actions of the USDA constituted improper entrapment;

   d.  The actions of the USDA violated 42 U.S.C. § 2000d, by targeting James Henry and Cousin based upon the race, religion and national origin of the owners; and

   e.  The Decisions were arbitrary and capricious, and against the weight of the evidence.

WHEREFORE, Plaintiffs request that this Court set aside the Final Agency Decisions and enter its own Order and Judgment that Plaintiffs did not commit the alleged acts of trafficking, reversing the permanent disqualification of Plaintiffs from the SNAP program, and for such other and further relief as may be just and proper.

## COUNT II – REQUEST FOR TEMPORARY STAY

15. Plaintiffs incorporate herein by reference the allegations set forth in paragraphs 1-14 above.

16. As part of the administrative action taken by the USDA in the Decisions, the Plaintiffs have been suspended from participating in the SNAP program.  As such, Plaintiffs may not accept SNAP benefits from their customers for eligible items.

17. 7 U.S.C. §2023(17) provides as follows:

> During the pendency of such judicial review, or any appeal therefrom, the administrative action under review shall be and remain in full force and effect, ***unless on application to the court on not less than ten days' notice, and after hearing thereon and a consideration by the court of the applicant's likelihood of prevailing on the merits and of irreparable injury, the court temporarily stays such administrative action pending disposition of such trial or appeal.***

Id. (emphasis added).

18. The suspension of Plaintiffs from the SNAP program has had a significant and material impact on the Plaintiffs' businesses. Without the ability to accept SNAP benefits from their customers, Plaintiffs are at a substantial risk of having to close their businesses prior to the final determination of the issues in this case by the Court. Therefore, Plaintiffs' are at risk of suffering irreparable injury if a stay is not imposed.

19. Moreover, Plaintiffs' can demonstrate a likelihood of success on the merits.

WHEREFORE, Plaintiffs request that this Court enter its Order staying the Plaintiffs' suspension from the SNAP program until such time as the Court has made its final determination, and for such other and further relief as may be just and proper.

**WITZEL KANZLER & DIMMITT LLC**

By: /s/ Jay L. Kanzler Jr.
Jay L. Kanzler Jr. #41298
2001 S. Big Bend Blvd.
St. Louis, Missouri 63117
Tel:   (314) 645-5367
Fax:  (314) 645-5687

Attorneys for Plaintiffs James Henry Provisions, Inc. and Cousin Mini Market, LLC